# EXHIBIT 1

ORIGINAL

## AGREEMENT

This Agreement, effective on the date of the last signature below (the "Effective Date"), is between **Microsoft Corporation**, a corporation of the state of Washington having its principal place of business at One Microsoft Way, Redmond, Washington, 98052 (hereinafter, "**MICROSOFT**"), and **John J. Daniels**, an individual having a residence at 325 Roosevelt Drive, Seymour, Connecticut 06483, **Bruce L. Adams**, an individual having a residence at 18 Holmhill Lane, Roseland, NJ 07068, and **Paul R. Hoffman**, an individual having a residence at 345 South End Avenue, Apartment 4M, NY, NY 10280, the three (3) foregoing individuals doing business as **Intellivision** in a joint venture having its principal place of business at 156 Roosevelt Drive, Unit A, Seymour, Connecticut, 06483, (the parties John J. Daniels, Bruce L. Adams, Paul R. Hoffman, and their joint venture d.b.a. Intellivision, hereinafter, both individually and collectively, "**ITV**").

## RECITALS

WHEREAS ITV has developed novel technology enabling the manipulation of live television including real-time pausing, reviewing and cueing of live television, and for the caching of video streams for enabling video-on-demand programming, and ITV has further developed various enhancements to said technology including remote programming capabilities, networking capabilities and online capabilities enabling seamless switching between live television and online content, said technology being disclosed in numerous Patent Applications filed by ITV;

WHEREAS ITV represents that it is the owner of the Patent Applications; and

WHEREAS MICROSOFT is interested in acquiring an ownership interest in the aforesaid technology and the Patent Applications, in accordance with the terms and conditions set forth below:

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is acknowledged by the parties, the parties hereto agree as follows:

1.    **Definitions.**

"Patent Applications" mean United States Patent and Trademark Office (USPTO) patent applications and PCT Application(s) identified in Attachment A, and all amendments thereto, and all reissue applications, all divisional applications, all continuation applications, all continuation-in-part applications, all corresponding foreign applications, and all inventions disclosed and discussed therein.

"Agreement" means this document and attachments thereto.

"Affiliates" means MICROSOFT and any other entity directly or indirectly Controlling, Controlled by, or under common Control of MICROSOFT. "Control"

means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of a legally recognizable entity, whether through the ownership of voting shares, by contract, or otherwise. Where such entity is a partnership, limited liability company, corporation, or similar entity and has partners, members, or shareholders with equal ownership interests or equal control interests, by contract or otherwise, then each such partner, member, or shareholder will be deemed to possess, directly or indirectly, the power to direct or cause the direction of the management and policies of that entity.

## 2. Ownership and Assignment.

2.1     Inventions: ITV hereby assigns to MICROSOFT all of its right, title and interest in and to the inventions described and disclosed in the Patent Applications, and in and to the Patent Applications and to any Letters Patents, both foreign and domestic, which may issue thereon, and all reissue, divisional and continuation applications. ITV agrees to execute the assignment documents attached as Attachment B for recordation in the United States Patent and Trademark Office.    ITV shall execute whatever further documents, give to MICROSOFT such other evidence, and take whatever further actions, to the satisfaction of MICROSOFT's counsel, as MICROSOFT may reasonably request to effect the transfer of rights in accordance with this Section 2.1 which is sufficient to establish the assignment by ITV to MICROSOFT of ITV's right, title and interest in the Patent Applications.  MICROSOFT agrees that the assignment documents attached as Attachment B shall not be effective and shall not be recorded at the United States Patent Office until MICROSOFT pays to ITV the amount specified in Section 3(A) hereinbelow.

2.2     Other Inventions:  ITV hereby assigns to MICROSOFT all of its right, title and interest in inventions, technology, trade secrets, know-how, and ideas relating to the inventions identified in Section 2.1 above, not yet disclosed in the Patent Applications.  ITV agrees to execute promptly specific documentation and do anything else properly requested in writing by MICROSOFT to secure and assign such rights to MICROSOFT, including the performance of all acts and the signing of all documents, at MICROSOFT's expense, to perfect copyrights, patents and trademarks in name of MICROSOFT for any such inventions, technology, trade secrets, know-how, and ideas relating to the inventions identified in Section 2.1.  The obligations in this Section 2.2 shall be binding upon ITV's assigns, successors, executors, heirs, administrators and other legal representatives.  ITV expressly acknowledges and agrees that any failure by it/him/her to comply with the provisions of this Section 2.2 will constitute a material breach of this Agreement, will irreparably harm MICROSOFT, and that monetary damages by law would be an inadequate remedy for such a breach.  In addition to any other remedies of which MICROSOFT would be otherwise entitled, MICROSOFT shall have the right to obtain injunctive relief, without bond, for violations of the terms of this Section 2.2.

2.3     Duty to Assist: Following transfer of the Patent Applications pursuant to this Section 2, ITV covenants to provide its best efforts assisting and cooperating with

MICROSOFT, to the extent permitted by law, in any actions involving the Patent Applications, including without limitation prosecution, litigation, reissuance, and reexamination, and MICROSOFT covenants to provide to ITV in a timely manner copies of all papers sent to or by the Patent Office in the Patent Applications until MICROSOFT pays to ITV the amount specified in Section 3(B) hereinbelow.

3.    **Payment**:  MICROSOFT shall pay to ITV:

A.    One Million Dollars ($1,000,000.00 US) within thirty (30) calendar days of the effective execution of this Agreement by all parties hereto; and

B.    Eight Hundred Fifty Thousand Dollars ($850,000.00 US), either within thirty (30) calendar days of the issuance of any Letters Patent to MICROSOFT or MICROSOFT's assignees based upon any of the Patent Applications from the United States Patent and Trademark Office, or within one hundred twenty (120) calendar days of the date of mailing of a Notice of Allowance in any of the Patent Applications from the United States Patent and Trademark Office in the event MICROSOFT elects not to pay the issue fee in such Patent Applications, whichever occurs first, and having an enforceable patent claim consisting of the language as set forth in Attachment C hereto.

4.    **Non-Assertion Grant**: Subject to the terms and conditions of this Agreement, ITV perpetually covenants that it will not assert any patent, copyright, or trade secret claim relating to the subject matter of the Patent Applications against MICROSOFT or its Affiliates.

5.    **Release**: Upon payment of the sum set forth in Section 3(A), ITV (together with its heirs, assigns, predecessors, successors, agents, representatives, attorneys and any and all other persons or entities who have at any time acted, or purported to act on their behalf) absolutely and forever releases and discharges MICROSOFT and Affiliates (together with their assigns, predecessors, successors, agents, officers, directors, managers, supervisors, shareholders, representatives, attorneys and any and all other persons or entities who have at any time acted, or purported to act on their behalf) from any and all claims, rights, demands, covenants, agreements, contracts, obligations, responsibilities, representations, warranties, promises, liens, accounts, debts, liabilities, damages, expenses, attorney's fees, costs and causes of action which they may have as of the Effective Date of this Agreement, relating to the general subject matter described in the Patent Applications or to any other pause technology or system, whether known or unknown, anticipated or unanticipated, and whether at law or in equity, except for and provided that there is no release or discharge in connection with the parties' respective rights and obligations as provided in this Agreement.

6.      **Representations, Warranties, and Covenants:**

6.1.  ITV represents and warrants that it owns all right, title and interest in the Patent Applications, free of any claim, license, right, equity, or encumbrance (including marital) whatsoever.

6.2.  ITV represents and warrants that there has been and is no past or present license agreement of any kind in effect with any third party relating to the Patent Applications.

6.3.  ITV represents and warrants that it has the power, right, and authority to grant the rights and undertake the obligations detailed in this Agreement.

6.4.  ITV represents and warrants that it has no knowledge of any fact or claim (regardless of assessment of the claim's accuracy) that might cast doubt on the validity, enforceability, or ownership of the Patent Applications.

6.5.  ITV covenants that it will not make any agreement with a third party that would prejudice the rights granted to MICROSOFT under this Agreement, except as permitted under this Agreement.

6.6 NEITHER PARTY SHALL BE LIABLE TO THE OTHER PARTY FOR ANY LOST PROFITS OR ANY INDIRECT, INCIDENTAL, CONSEQUENTIAL, EXEMPLARY OR SPECIAL DAMAGES OF ANY KIND OR NATURE ARISING FROM THIS AGREEMENT, EVEN IF EITHER PARTY HAS WARNED OR BEEN WARNED OF THE POSSIBILITY OF SUCH LOSS OR DAMAGE.

7.      **Termination:**  If either MICROSOFT or ITV breaches or defaults in the performance or observance of any of the material provisions of this Agreement, and such breach or default is not cured within sixty (60) days after the giving of written notice by the nondefaulting party specifying such breach or default, the nondefaulting party shall have the right to terminate this Agreement by written notice, effective upon the receipt of such notice by the defaulting party.

8.      **Confidentiality:** ITV agrees to keep this Agreement confidential and will not reveal any of its terms without the express written authorization of Microsoft. ITV acknowledges that unless and until the Patent Applications mature, or otherwise are published, and Letters Patent are issued to the assignee MICROSOFT, the Patent Applications constitute MICROSOFT Confidential Information and ITV shall not disclose such information to any third party without the express written consent of MICROSOFT. MICROSOFT Confidential Information shall not include any information that (a) is now or later becomes available to the public through means not involving the breach of a duty or obligation owed to MICROSOFT by ITV; or (b) is disclosed to the

4

public by MICROSOFT or its authorized representatives; or (c) deemed not to be confidential by prior written consent of MICROSOFT.

9.    **Miscellaneous:**

9.1.    Survival: The following provisions will survive this Agreement: Section 1 (Definitions), Section 2 (Ownership and Assignment), 4 (Non-Assertion Grant), 5 (Release), 6 (Representations, Warranties, and Covenants), 8 (Confidentiality).

9.2.    Governing Law: This Agreement will be governed by and interpreted in accordance with the laws of the State of Washington, exclusive of its choice-of-law provisions. Any dispute regarding any alleged breach of this Agreement shall be resolved in the federal or state courts of the State of Washington, and ITV agrees that it will not contest the jurisdiction of such courts.

9.3.    Rights Cumulative: Each and all of the various rights, powers and remedies of the parties will be considered to be cumulative with and in addition to any other rights, powers and remedies which such parties may have at law or in equity in the event of breach of any of the terms of this Agreement. The exercise or partial exercise of any right, power or remedy will neither constitute the exclusive election thereof nor the waiver of any other right, power or remedy available to such Party.

9.4.    Notices: Any written notice under this Agreement shall be sent by Certified Mail, return receipt requested, or by recognized courier service. Facsimile transmission and e-mail may be used in addition to, but not in lieu of, the foregoing. The notice shall be deemed effective as of the date of delivery, as evidenced by a delivery receipt. The addresses of the parties, as set forth below, shall be used for any such notice unless either party hereafter designates a substitute address in writing.

Any notice to MICROSOFT shall be sent to:

> Microsoft Corporation
> One Microsoft Way
> Redmond, WA 98052
> Attention: Deputy General Counsel, Patents

<u>and</u>

Any notice to ITV shall be sent to:

> Intellivision
> 156 Roosevelt Drive, Unit A, Seymour
> Connecticut, 06483
> Attention: John Daniels

With copies to Bruce L. Adams and Paul R. Hoffman at their respective addresses as specified at page 1 of this Agreement, and with a copy to:

Adams & Wilks
50 Broadway – 31st Floor
New York, NY 10004

9.5.  Severability:  If any provision of this Agreement is held to be void or unenforceable, the parties agree that such determination will not result in the nullity or unenforceability of the remaining portions of this Agreement. The parties further agree to replace such void or unenforceable provisions of this Agreement with valid and enforceable provisions that will achieve, to the extent legally permissible, the economic, business and other purposes of the void or unenforceable provisions.

9.6.  Counterparts:  This Agreement may be executed in separate counterparts, and by facsimile, each of which will be deemed an original, and when executed, separately or together, will constitute a single original instrument, effective in the same manner as if the parties had executed one and the same instrument.

9.7.  Entire Agreement:  This Agreement, including the Attachments A-C, which are incorporated by references herein, is intended by the parties to be the final expression of their agreement and constitutes and embodies the entire agreement and understanding between the parties hereto and constitutes a complete and exclusive statement of the terms and conditions thereof, and will supersede any and all prior correspondence, conversations, negotiations, agreements or understandings relating to the same subject matter.

9.8.  Amendments:  No change in, modification of or addition to the terms and conditions contained herein will be valid as between the parties unless set forth in a writing which is signed by authorized representatives of both the parties and which specifically states that it constitutes an amendment to this Agreement.

9.9.  Waiver:  No waiver of any term, provision, or condition of this Agreement, whether by conduct or otherwise, in any one or more instances, will be deemed to be, or be construed as, a further or continuing waiver of that term, provision or condition or any other term, provision or condition of this Agreement.

9.10.  Assignment:  MICROSOFT may assign its rights and obligations under this Agreement to any other entity. ITV may not assign its obligations under this Agreement.

9.11. Binding on Heirs, Successors and Assigns: This Agreement and all of its terms, conditions and covenants are intended to be fully effective and binding, to the extent permitted by law, on the heirs, successors and permitted assigns of the parties hereto.

9.12. Captions: Captions are provided in this Agreement for convenience only. They form no part of and are not to serve as a basis for interpretation or construction of this Agreement, nor as evidence of the intention of the parties hereto.

9.13. Disclaimer of Agency: Nothing contained in this Agreement is intended or will be construed so as to constitute the parties to this Agreement as partners or joint venturers or as agents of each other. Neither party will have any express or implied right or authority to assume or create any obligations on behalf of or in the name of the other party or to bind the other party in any contract, agreement or undertaking with any third party.

9.15. Ambiguities: Each party and its counsel have participated fully in the review and revision of this Agreement. Any rule or construction to the effect that ambiguities are to be resolved against the drafting party shall not apply in interpreting this Agreement.

9.16. Force Majeure: In the event that either party is prevented from the performance of its obligations hereunder due to events beyond its control (such as, without limitation, strikes, fire, war, rebellion, accident, acts of God, embargoes, governmental orders or other such restrictions), this Agreement shall be suspended during such interruption.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the Effective Date.

MICROSOFT Corporation
One Microsoft Way
Redmond, WA 98052

By: _____
Title: 1/19/2001
Date: Sr. Vice President

John J. Daniels, a married individual
325 Roosevelt Drive
Seymour, CT 06483

By: _____
Date: 1/11/2001

Bruce L. Adams, a single individual
18 Holmhill Lane
Roseland, NJ 07068

By: _____
Date: 1/11/2001

Paul R. Hoffman, a single individual
345 South End Avenue
Apartment 4M
NY, NY 10280

By: _____
Date: 1/11/2001

Intellivision, a joint venture
156 Roosevelt Drive, Unit A
Seymour, CT 06483

By: _____
John J. Daniels
Date: 1/11/2001

By: _____
Paul R. Hoffman
Date: 1/11/2001

By: _____
Bruce L. Adams
Date: 1/11/2001

**ATTACHMENT A: Patent Applications**

1.    US Patent Application Serial No. 08/038,240, filed on March 23, 1993, titled Time Shifting Event Recorder;

2.    US Patent Application Serial No. 08/306,642, filed on September 15, 1994, titled Recording System for Displaying an Event in a Time Shifted Manner;

3.    US Provisional Patent Application Serial No. 60/014,959, filed on April 1, 1996, titled Method of Restricting the Reception of Data from a Computer Network;

4.    US Patent Application Serial No. 08/641,517, filed on May 1, 1996, titled Method and Apparatus for Pausing the Display of a Received Time Sequential Signal;

5.    US Patent Application Serial No. 08/848, 895, filed on May 1, 1997, titled Method and Apparatus for Pausing the Display of a Received Time Sequential Signal;

6.    PCT Application Serial No. PCT/US97/18372, filed on October 1, 1997, titled Time-Shifting Apparatus and Auto-Edit System;

7.    Australia Patent Application Serial No. 48995/97, filed on December 30, 1998, titled Time-Shifting Apparatus and Auto-Edit System;

8.    Canada Patent Application Serial No. 2259225, filed on December 21, 1998, titled Time-Shifting Apparatus and Auto-Edit System;

9.    Japan Patent Application Serial No. 10-548026, filed on December 28, 1998, titled Time-Shifting Apparatus and Auto-Edit System;

10.    US Patent Application Serial No. 08/900,417, filed on July 25, 1997, titled Multi-Featured Multi-Media Appliance;

11.    US Provisional Patent Application Serial No. 60/114,668, filed on January 4, 1999, titled Method and Apparatus for Multimedia Systems;

12.    US Patent Application Serial No. 09/477,629, filed on January 4, 2000, titled Methods and Apparatus for Multimedia Systems.

# **ATTACHMENT B**

**-- Assignment Documents --**

PATENT APPLICATION

A S S I G N M E N T

WHEREAS, I, John J. Daniels, (hereinafter referred to as ASSIGNOR), having a post office address of 325 Roosevelt Drive, Seymour, Connecticut 06483, am the single inventor of an invention entitled **"Time Shifting Event Recorder,"** as described and claimed in the specification forming part of an application for United States letters patent filed in the United States Patent and Trademark Office as Serial No. **08/038,240** on **March 23, 1993**.

WHEREAS, Microsoft Corporation (hereinafter referred to as ASSIGNEE), a corporation of the State of Washington having a place of business at One Microsoft Way, Redmond, WA 98052, is desirous of acquiring the entire right, title, and interest in and to the invention and in and to any letters patent that may be granted therefor in the United States and in any and all foreign countries;

NOW, THEREFORE, in exchange for good and valuable consideration, the receipt of which is hereby acknowledged, ASSIGNOR hereby sells, assigns, and transfers unto said ASSIGNEE, the entire right, title, and interest in and to said invention, said application and any and all letters patent which may be granted for said invention in the United States of America and its territorial possessions and in any and all foreign countries, and in any and all divisions, reissues, and continuations thereof, including the right to file foreign applications directly in the name of ASSIGNEE and to claim priority rights deriving from said United States application to which said foreign applications are entitled by virtue of international convention, treaty, or otherwise, said invention, application, and all letters patent on said invention to be held and enjoyed by ASSIGNEE and its successors and assigns for their use and benefit and of their successors and assigns as fully and entirely as the same would have been held and enjoyed by ASSIGNOR had this assignment, transfer, and sale not been made. ASSIGNOR hereby authorizes and requests the Commissioner of Patents and Trademarks to issue all letters patent on said invention to ASSIGNEE. ASSIGNOR agrees to execute all instruments and documents required for the making and prosecution of applications for United States and foreign letters patent on said invention, for litigation regarding said letters patent, or for the purpose of protecting title to said invention or letters patent therefore.

Dated this _13th_ day of _December_, 2000.

_John J. Daniels_
John J. Daniels
U.S. Citizen

STATE OF ~~NEW YORK~~ _Connecticut_ )
                                    : ss.
COUNTY OF NEW ~~YORK~~ _Haven_ )

On _December 13_, 2000, before me personally appeared John J. Daniels, known to me to be the person described and who signed the foregoing Assignment in my presence and acknowledged under oath before me that he has read the same and know the contents thereof and that he executed the same as his free act and deed and for the purposes set forth therein.

_Susan DeBarber_
NOTARY PUBLIC
Residing at New York, New York
My Commission Expires:_____

SUSAN DeBARBER
*NOTARY PUBLIC*
MY COMMISSION EXPIRES JULY 31, 2005

PATENT APPLICATION

A S S I G N M E N T

WHEREAS, we, John J. Daniels, Bruce L. Adams, and Paul R. Hoffman, (hereinafter referred to as ASSIGNORS), having post office addresses of 325 Roosevelt Drive, Seymour, Connecticut 06483, 18 Holmhill Lane, Roseland, NJ 07068, 345 South End Avenue, Apartment 4M, NY, NY 10280, respectively, jointly own, by the Assignment document attached hereto as Exhibit A, the entire right, title, and interest in and to an invention entitled **"Recording System for Displaying an Event in a Time Shifted Manner,"** as described and claimed in the specification forming part of an application for United States letters patent filed in the United States Patent and Trademark Office as Serial No. **08/306,642 on September 15, 1994.**

WHEREAS, Microsoft Corporation (hereinafter referred to as ASSIGNEE), a corporation of the State of Washington having a place of business at One Microsoft Way, Redmond, WA 98052, is desirous of acquiring the entire right, title, and interest in and to the invention and in and to any letters patent that may be granted therefor in the United States and in any and all foreign countries;

NOW, THEREFORE, in exchange for good and valuable consideration, the receipt of which is hereby acknowledged, ASSIGNORS hereby sell, assign, and transfer unto said ASSIGNEE, the entire right, title, and interest in and to said invention, said application and any and all letters patent which may be granted for said invention in the United States of America and its territorial possessions and in any and all foreign countries, and in any and all divisions, reissues, and continuations thereof, including the right to file foreign applications directly in the name of ASSIGNEE and to claim priority rights deriving from said United States application to which said foreign applications are entitled by virtue of international convention, treaty, or otherwise, said invention, application, and all letters patent on said invention to be held and enjoyed by ASSIGNEE and its successors and assigns for their use and benefit and of their successors and assigns as fully and entirely as the same would have been held and enjoyed by ASSIGNORS had this assignment, transfer, and sale not been made. ASSIGNORS hereby authorize and request the Commissioner of Patents and Trademarks to issue all letters patent on said invention to ASSIGNEE. ASSIGNORS agree to execute all instruments and documents required for the making and prosecution of applications for United States and foreign letters patent on said invention, for litigation regarding said letters patent, or for the purpose of protecting title to said invention or letters patent therefore.

1

Dated this _13TH_ day of _December_, 2000.

_____
John J. Daniels
U.S. Citizen

STATE OF ~~NEW YORK~~ *Connecticut*    )
                                       *Haven* : ss.
COUNTY OF NEW ~~YORK~~    )

On _December 13_, 2000, before me personally appeared John J. Daniels, known to me to be the person described and who signed the foregoing Assignment in my presence and acknowledged under oath before me that he has read the same and know the contents thereof and that he executed the same as his free act and deed and for the purposes set forth therein.

_____
NOTARY PUBLIC
Residing at New York, New York
My Commission Expires:_____

SUSAN DeBARBER
NOTARY PUBLIC
MY COMMISSION EXPIRES JULY 31, 2005

_____
Bruce L. Adams
U.S. Citizen

STATE OF NEW YORK    )
                     : ss.
COUNTY OF NEW YORK    )

On _28th DEC_, 2000, before me personally appeared Bruce L. Adams, known to me to be the person described and who signed the foregoing Assignment in my presence and acknowledged under oath before me that he has read the same and know the contents thereof and that he executed the same as his free act and deed and for the purposes set forth therein.

_____
NOTARY PUBLIC
Residing at New York, New York
My Commission Expires:_____

ANIL M. MUKHATIYAR
NOTARY PUBLIC, State of New York
No. 41-4965497
Qualified in Queens County
Commission Expires Aug. 19, 20 _01_

2

Paul R. Hoffman
U.S. Citizen

STATE OF NEW YORK     )
                      : ss.
COUNTY OF NEW YORK  )

On _26th DEC -_____, 2000, before me personally appeared Paul R. Hoffman, known to me to be the person described and who signed the foregoing Assignment in my presence and acknowledged under oath before me that he has read the same and know the contents thereof and that he executed the same as his free act and deed and for the purposes set forth therein.

_____
NOTARY PUBLIC
Residing at New York, New York
My Commission Expires:_____

ANIL M. MUKHATIYAR
NOTARY PUBLIC, State of New York
No. 41-4985497
Qualified in Queens County
Commission Expires Aug. 19, 20 _0/_

3

PATENT APPLICATION

A S S I G N M E N T

WHEREAS, I, John J. Daniels (hereinafter referred to as ASSIGNOR), having a post office address of 325 Roosevelt Drive, Seymour, Connecticut 06483, am the sole inventor of an invention entitled **"Method of Restricting the Reception of Data from a Computer Network,"** as described and claimed in the specification forming part of a United States provisional patent application filed in the U.S. Patent and Trademark Office as Serial No. **60/014,959** on **April 1, 1996**.

WHEREAS, Microsoft Corporation (hereinafter referred to as ASSIGNEE), a corporation of the State of Washington having a place of business at One Microsoft Way, Redmond, WA 98052, is desirous of acquiring the entire right, title, and interest in and to the invention and in and to any letters patent that may be granted therefor in the United States and in any and all foreign countries;

NOW, THEREFORE, in exchange for good and valuable consideration, the receipt of which is hereby acknowledged, ASSIGNOR hereby sells, assigns, and transfers unto said ASSIGNEE, the entire right, title, and interest in and to said invention, said application and any and all letters patent which may be granted for said invention in the United States of America and its territorial possessions and in any and all foreign countries, and in any and all divisions, reissues, and continuations thereof, including the right to file foreign applications directly in the name of ASSIGNEE and to claim priority rights deriving from said United States application to which said foreign applications are entitled by virtue of international convention, treaty, or otherwise, said invention, application, and all letters patent on said invention to be held and enjoyed by ASSIGNEE and its successors and assigns for their use and benefit and of their successors and assigns as fully and entirely as the same would have been held and enjoyed by ASSIGNOR had this assignment, transfer, and sale not been made. ASSIGNOR hereby authorizes and requests the Commissioner of Patents and Trademarks to issue all letters patent on said invention to ASSIGNEE. ASSIGNOR agrees to execute all instruments and documents required for the making and prosecution of applications for United States and foreign letters patent on said invention, for litigation regarding said letters patent, or for the purpose of protecting title to said invention or letters patent therefore.

Dated this _13TH_ day of _December_ , 2000.

_____
John J. Daniels
U.S. Citizen

STATE OF ~~NEW YORK~~ _Connecticut_    )
                                        : ss.
COUNTY OF  NEW ~~YORK~~ _Haven_    )

On _December 13_ , 2000, before me personally appeared John J. Daniels, known to me to be the person described and who signed the foregoing Assignment in my presence and acknowledged under oath before me that he has read the same and know the contents thereof and that he executed the same as his free act and deed and for the purposes set forth therein.

_____
NOTARY PUBLIC
Residing at New York, New York
My Commission Expires:_____

SUSAN DeBARBER
*NOTARY PUBLIC*
MY COMMISSION EXPIRES JULY 31, 2005

PATENT APPLICATION

ASSIGNMENT

WHEREAS, we, John J. Daniels, Bruce L. Adams, and Paul R. Hoffman, (hereinafter referred to as ASSIGNORS), having post office addresses of 325 Roosevelt Drive, Seymour, Connecticut 06483, 18 Holmhill Lane, Roseland, NJ 07068, 345 South End Avenue, Apartment 4M, NY, NY 10280, respectively, jointly own, by the Assignment document attached hereto as Exhibit A, the entire right, title, and interest in and to an invention entitled **"Method and Apparatus for Pausing the Display of a Received Time Sequential Signal,"** as described and claimed in the specification forming part of an application for United States letters patent filed in the United States Patent and Trademark Office as Serial No. **08/641,517** on **May 1, 1996.**

WHEREAS, Microsoft Corporation (hereinafter referred to as ASSIGNEE), a corporation of the State of Washington having a place of business at One Microsoft Way, Redmond, WA 98052, is desirous of acquiring the entire right, title, and interest in and to the invention and in and to any letters patent that may be granted therefor in the United States and in any and all foreign countries;

NOW, THEREFORE, in exchange for good and valuable consideration, the receipt of which is hereby acknowledged, ASSIGNORS hereby sell, assign, and transfer unto said ASSIGNEE, the entire right, title, and interest in and to said invention, said application and any and all letters patent which may be granted for said invention in the United States of America and its territorial possessions and in any and all foreign countries, and in any and all divisions, reissues, and continuations thereof, including the right to file foreign applications directly in the name of ASSIGNEE and to claim priority rights deriving from said United States application to which said foreign applications are entitled by virtue of international convention, treaty, or otherwise, said invention, application, and all letters patent on said invention to be held and enjoyed by ASSIGNEE and its successors and assigns for their use and benefit and of their successors and assigns as fully and entirely as the same would have been held and enjoyed by ASSIGNORS had this assignment, transfer, and sale not been made. ASSIGNORS hereby authorize and request the Commissioner of Patents and Trademarks to issue all letters patent on said invention to ASSIGNEE. ASSIGNORS agree to execute all instruments and documents required for the making and prosecution of applications for United States and foreign letters patent on said invention, for litigation regarding said letters patent, or for the purpose of protecting title to said invention or letters patent therefore.

Dated this 13ᵀᴴ day of _December_, 2000.

_John J. Daniels_
John J. Daniels
U.S. Citizen

STATE OF ~~NEW YORK~~ _Connecticut_ )
                                    : ss.
COUNTY OF ~~NEW YORK~~ _Haven_ )

On _December | 3_, 2000, before me personally appeared John J. Daniels, known to me to be the person described and who signed the foregoing Assignment in my presence and acknowledged under oath before me that he has read the same and know the contents thereof and that he executed the same as his free act and deed and for the purposes set forth therein.

_Susan DeBarber_
NOTARY PUBLIC
Residing at New York, New York
My Commission Expires:_____

SUSAN DeBARBER
*NOTARY PUBLIC*
MY COMMISSION EXPIRES JULY 31, 2005

Bruce L. Adams
U.S. Citizen

STATE OF NEW YORK )
                  : ss.
COUNTY OF NEW YORK )

On _28th · DEC_, 2000, before me personally appeared Bruce L. Adams, known to me to be the person described and who signed the foregoing Assignment in my presence and acknowledged under oath before me that he has read the same and know the contents thereof and that he executed the same as his free act and deed and for the purposes set forth therein.

NOTARY PUBLIC
Residing at New York, New York
My Commission Expires:_____

ANIL M. MUKHATIYAR
NOTARY PUBLIC, State of New York
No. 41-4985497
Qualified in Queens County
Commission Expires Aug. 19, 20 _0/_

2

Paul R. Hoffman
U.S. Citizen

STATE OF NEW YORK    )
                         : ss.

COUNTY OF NEW YORK  )

      On _____26th DEC_____, 2000, before me personally appeared Paul R. Hoffman, known to me to be the person described and who signed the foregoing Assignment in my presence and acknowledged under oath before me that he/she has read the same and know the contents thereof and that he/she executed the same as his/her free act and deed and for the purposes set forth therein.

_____
NOTARY PUBLIC
Residing at New York, New York
My Commission Expires:_____

ANIL M. MUKHATIYAR
NOTARY PUBLIC, State of New York
No. 41-4985497
Qualified in Queens County
Commission Expires Aug. 19, 20 _01_

3

PATENT APPLICATION

# A S S I G N M E N T

WHEREAS, we, John J. Daniels, Bruce L. Adams, and Paul R. Hoffman, (hereinafter referred to as ASSIGNORS), having post office addresses of 325 Roosevelt Drive, Seymour, Connecticut 06483, 18 Holmhill Lane, Roseland, NJ 07068, 345 South End Avenue, Apartment 4M, NY, NY 10280, respectively, jointly own, by the Assignment document attached hereto as Exhibit A, the entire right, title, and interest in and to an invention entitled "**Method and Apparatus for Pausing the Display of a Received Time Sequential Signal**," as described and claimed in the specification forming part of an application for United States letters patent filed in the United States Patent and Trademark Office as Serial No. **08/848,895** on **May 1, 1997**.

WHEREAS, Microsoft Corporation (hereinafter referred to as ASSIGNEE), a corporation of the State of Washington having a place of business at One Microsoft Way, Redmond, WA 98052, is desirous of acquiring the entire right, title, and interest in and to the invention and in and to any letters patent that may be granted therefor in the United States and in any and all foreign countries;

NOW, THEREFORE, in exchange for good and valuable consideration, the receipt of which is hereby acknowledged, ASSIGNORS hereby sell, assign, and transfer unto said ASSIGNEE, the entire right, title, and interest in and to said invention, said application and any and all letters patent which may be granted for said invention in the United States of America and its territorial possessions and in any and all foreign countries, and in any and all divisions, reissues, and continuations thereof, including the right to file foreign applications directly in the name of ASSIGNEE and to claim priority rights deriving from said United States application to which said foreign applications are entitled by virtue of international convention, treaty, or otherwise, said invention, application, and all letters patent on said invention to be held and enjoyed by ASSIGNEE and its successors and assigns for their use and benefit and of their successors and assigns as fully and entirely as the same would have been held and enjoyed by ASSIGNORS had this assignment, transfer, and sale not been made. ASSIGNORS hereby authorize and request the Commissioner of Patents and Trademarks to issue all letters patent on said invention to ASSIGNEE. ASSIGNORS agree to execute all instruments and documents required for the making and prosecution of applications for United States and foreign letters patent on said invention, for litigation regarding said letters patent, or for the purpose of protecting title to said invention or letters patent therefore.

1

Dated this _13th_ day of _December_____, 2000.

_____
John J. Daniels
U.S. Citizen

STATE OF NEW YORK    )
_Connecticut_
_Haven_ : ss.
COUNTY OF NEW YORK    )

On _December 13_____, 2000, before me personally appeared John J. Daniels, known to me to be the person described and who signed the foregoing Assignment in my presence and acknowledged under oath before me that he has read the same and know the contents thereof and that he executed the same as his free act and deed and for the purposes set forth therein.

_____         SUSAN DeBARBER
NOTARY PUBLIC                                                     **NOTARY PUBLIC**
Residing at New York, New York                       MY COMMISSION EXPIRES JULY 31, 2005
My Commission Expires:_____

_____
Bruce L. Adams
U.S. Citizen

STATE OF NEW YORK    )
: ss.
COUNTY OF NEW YORK    )

On _28th . DEC_____, 2000, before me personally appeared Bruce L. Adams, known to me to be the person described and who signed the foregoing Assignment in my presence and acknowledged under oath before me that he has read the same and know the contents thereof and that he executed the same as his free act and deed and for the purposes set forth therein.

_____
NOTARY PUBLIC
Residing at New York, New York
My Commission Expires:_____

ANIL M. MUKhATIYAR
NOTARY PUBLIC, State of New York
No. 41-4985497
Qualified in Queens County
Commission Expires Aug. 19, 20 _01_

2

Paul R. Hoffman
U.S. Citizen

STATE OF NEW YORK    )
                     : ss.
COUNTY OF NEW YORK  )

On _26th - DEC_____, 2000, before me personally appeared Paul R. Hoffman, known to me to be the person described and who signed the foregoing Assignment in my presence and acknowledged under oath before me that he has read the same and know the contents thereof and that he executed the same as his free act and deed and for the purposes set forth therein.

NOTARY PUBLIC
Residing at New York, New York
My Commission Expires:_____

ANIL M. MUKHATIYAR
NOTARY PUBLIC, State of New York
No. 41-4985497
Qualified in Queens County
Commission Expires Aug. 19, 20 _01_

3

PATENT APPLICATION

A S S I G N M E N T

WHEREAS, we, John J. Daniels, Bruce L. Adams, and Paul R. Hoffman, (hereinafter referred to as ASSIGNORS), having post office addresses of 325 Roosevelt Drive, Seymour, Connecticut 06483, 18 Holmhill Lane, Roseland, NJ 07068, 345 South End Avenue, Apartment 4M, NY, NY 10280, respectively, jointly own, by the Assignment document attached hereto as Exhibit A, the entire right, title, and interest in and to an invention entitled **"Multi-Featured Multi-Media Appliance,"** as described and claimed in the specification forming part of an application for United States letters patent filed in the United States Patent and Trademark Office as Serial No. **08/900,417** on **July 25, 1997.**

WHEREAS, Microsoft Corporation (hereinafter referred to as ASSIGNEE), a corporation of the State of Washington having a place of business at One Microsoft Way, Redmond, WA 98052, is desirous of acquiring the entire right, title, and interest in and to the invention and in and to any letters patent that may be granted therefor in the United States and in any and all foreign countries;

NOW, THEREFORE, in exchange for good and valuable consideration, the receipt of which is hereby acknowledged, ASSIGNORS hereby sell, assign, and transfer unto said ASSIGNEE, the entire right, title, and interest in and to said invention, said application and any and all letters patent which may be granted for said invention in the United States of America and its territorial possessions and in any and all foreign countries, and in any and all divisions, reissues, and continuations thereof, including the right to file foreign applications directly in the name of ASSIGNEE and to claim priority rights deriving from said United States application to which said foreign applications are entitled by virtue of international convention, treaty, or otherwise, said invention, application, and all letters patent on said invention to be held and enjoyed by ASSIGNEE and its successors and assigns for their use and benefit and of their successors and assigns as fully and entirely as the same would have been held and enjoyed by ASSIGNORS had this assignment, transfer, and sale not been made. ASSIGNORS hereby authorize and request the Commissioner of Patents and Trademarks to issue all letters patent on said invention to ASSIGNEE. ASSIGNORS agree to execute all instruments and documents required for the making and prosecution of applications for United States and foreign letters patent on said invention, for litigation regarding said letters patent, or for the purpose of protecting title to said invention or letters patent therefore.

1

Dated this *13*th day of *December*        , 2000

_____
John J. Daniels
U.S. Citizen

*Connecticut*

STATE OF ~~NEW YORK~~     )
*Haven*                   : ss.
COUNTY OF NEW ~~YORK~~    )

On *December 13*    , 2000, before me personally appeared John J. Daniels, known to me to be the person described and who signed the foregoing Assignment in my presence and acknowledged under oath before me that he has read the same and know the contents thereof and that he executed the same as his free act and deed and for the purposes set forth therein.

_____
NOTARY PUBLIC
Residing at New York, New York
My Commission Expires:_____

SUSAN DeBARBER
*NOTARY PUBLIC*
MY COMMISSION EXPIRES JULY 31, 2005

_____
Bruce L. Adams
U.S. Citizen

STATE OF NEW YORK      )
                       : ss.
COUNTY OF NEW YORK )

On *28th. DEE*        , 2000, before me personally appeared Bruce L. Adams, known to me to be the person described and who signed the foregoing Assignment in my presence and acknowledged under oath before me that he has read the same and know the contents thereof and that he executed the same as his free act and deed and for the purposes set forth therein.

_____
NOTARY PUBLIC
Residing at New York, New York
My Commission Expires:_____

ANIE M. MUKnATIYAR
NOTARY PUBLIC, State of New York
No. 41-4985497
Qualified in Queens County
Commission Expires Aug. 19, 20 *01*

2

_____

Paul R. Hoffman
U.S. Citizen

STATE OF NEW YORK )
                  : ss.
COUNTY OF NEW YORK )

On _26th. DEC_____, 2000, before me personally appeared Paul R. Hoffman, known to me to be the person described and who signed the foregoing Assignment in my presence and acknowledged under oath before me that he has read the same and know the contents thereof and that he executed the same as his free act and deed and for the purposes set forth therein.

_____
NOTARY PUBLIC
Residing at New York, New York
My Commission Expires:_____

ANIL M. MUKHATIYAR
NOTARY PUBLIC, State of New York
No. 41-4985497
Qualified in Queens County
Commission Expires Aug. 19, 20 01

3

PATENT APPLICATION

A S S I G N M E N T

WHEREAS, we, John J. Daniels, Bruce L. Adams, and Paul R. Hoffman, (hereinafter referred to as ASSIGNORS), having post office addresses of 325 Roosevelt Drive, Seymour, Connecticut 06483, 18 Holmhill Lane, Roseland, NJ 07068, 345 South End Avenue, Apartment 4M, NY, NY 10280, respectively, jointly own, by the Assignment document attached hereto as Exhibit A, the entire right, title, and interest in and to an invention entitled "**Methods and Apparatus for Multimedia Systems**," as described and claimed in the specification forming part of a United States provisional patent application filed in the United States Patent and Trademark Office as Serial No. **60/114,668** on **January 4, 1999**.

WHEREAS, Microsoft Corporation (hereinafter referred to as ASSIGNEE), a corporation of the State of Washington having a place of business at One Microsoft Way, Redmond, WA 98052, is desirous of acquiring the entire right, title, and interest in and to the invention and in and to any letters patent that may be granted therefor in the United States and in any and all foreign countries;

NOW, THEREFORE, in exchange for good and valuable consideration, the receipt of which is hereby acknowledged, ASSIGNORS hereby sell, assign, and transfer unto said ASSIGNEE, the entire right, title, and interest in and to said invention, said application and any and all letters patent which may be granted for said invention in the United States of America and its territorial possessions and in any and all foreign countries, and in any and all divisions, reissues, and continuations thereof, including the right to file foreign applications directly in the name of ASSIGNEE and to claim priority rights deriving from said United States application to which said foreign applications are entitled by virtue of international convention, treaty, or otherwise, said invention, application, and all letters patent on said invention to be held and enjoyed by ASSIGNEE and its successors and assigns for their use and benefit and of their successors and assigns as fully and entirely as the same would have been held and enjoyed by ASSIGNORS had this assignment, transfer, and sale not been made. ASSIGNORS hereby authorize and request the Commissioner of Patents and Trademarks to issue all letters patent on said invention to ASSIGNEE. ASSIGNORS agree to execute all instruments and documents required for the making and prosecution of applications for United States and foreign letters patent on said invention, for litigation regarding said letters patent, or for the purpose of protecting title to said invention or letters patent therefore.

1

Dated this *13ʳᵈ* day of *December*, 2000.

_____
John J. Daniels
U.S. Citizen

STATE OF ~~NEW YORK~~  *Connecticut*  )
               *Haven*  : ss.
COUNTY OF NEW ~~YORK~~  )

On *December 13*, 2000, before me personally appeared John J. Daniels, known to me to be the person described and who signed the foregoing Assignment in my presence and acknowledged under oath before me that he has read the same and know the contents thereof and that he executed the same as his free act and deed and for the purposes set forth therein.

_____
NOTARY PUBLIC
Residing at New York, New York
My Commission Expires:_____

SUSAN DeBARBER
*NOTARY PUBLIC*
MY COMMISSION EXPIRES JULY 31, 2005

_____
Bruce L. Adams
U.S. Citizen

STATE OF NEW YORK  )
                  : ss.
COUNTY OF NEW YORK  )

On *25th - DEC*, 2000, before me personally appeared Bruce L. Adams, known to me to be the person described and who signed the foregoing Assignment in my presence and acknowledged under oath before me that he has read the same and know the contents thereof and that he executed the same as his free act and deed and for the purposes set forth therein.

_____
NOTARY PUBLIC
Residing at New York, New York
My Commission Expires:_____

ANIL M. MUKHATIYAR
NOTARY PUBLIC, State of New York
No 41-4985487
Qualified in Queens County
Commission Expires Aug. 19, 20__

2

_____

Paul R. Hoffman

U.S. Citizen


STATE OF NEW YORK      )

                       : ss.

COUNTY OF NEW YORK  )


On _____, 2000, before me personally appeared Paul R. Hoffman, known to me to be the person described and who signed the foregoing Assignment in my presence and acknowledged under oath before me that he has read the same and know the contents thereof and that he executed the same as his free act and deed and for the purposes set forth therein.

_____

NOTARY PUBLIC

Residing at New York, New York

My Commission Expires:_____

ANIL M. MUKhATIYAR
NOTARY PUBLIC, State of New York
No. 41-4985497
Qualified in Queens County
Commission Expires Aug. 19, 20 01

3

# A S S I G N M E N T

WHEREAS, I, John J. Daniels (hereinafter referred to as ASSIGNOR), having a post office address of 325 Roosevelt Drive, Seymour, Connecticut 06483, am the sole inventor of an invention entitled "**Methods and Apparatus for Multimedia Systems**," as described and claimed in the specification forming part of a United States provisional patent application filed in the United States Patent and Trademark Office as Serial No. **60/114,668** on **January 4, 1999**.

WHEREAS, Microsoft Corporation (hereinafter referred to as ASSIGNEE), a corporation of the State of Washington having a place of business at One Microsoft Way, Redmond, WA 98052, is desirous of acquiring the entire right, title, and interest in and to the invention and in and to any letters patent that may be granted therefor in the United States and in any and all foreign countries;

NOW, THEREFORE, in exchange for good and valuable consideration, the receipt of which is hereby acknowledged, ASSIGNOR hereby sells, assigns, and transfers unto said ASSIGNEE, the entire right, title, and interest in and to said invention, said application and any and all letters patent which may be granted for said invention in the United States of America and its territorial possessions and in any and all foreign countries, and in any and all divisions, reissues, and continuations thereof, including the right to file foreign applications directly in the name of ASSIGNEE and to claim priority rights deriving from said United States application to which said foreign applications are entitled by virtue of international convention, treaty, or otherwise, said invention, application, and all letters patent on said invention to be held and enjoyed by ASSIGNEE and its successors and assigns for their use and benefit and of their successors and assigns as fully and entirely as the same would have been held and enjoyed by ASSIGNOR had this assignment, transfer, and sale not been made. ASSIGNOR hereby authorizes and requests the Commissioner of Patents and Trademarks to issue all letters patent on said invention to ASSIGNEE. ASSIGNOR agrees to execute all instruments and documents required for the making and prosecution of applications for United States and foreign letters patent on said invention, for litigation regarding said letters patent, or for the purpose of protecting title to said invention or letters patent therefore.

Dated this *13ᵗʰ* day of *December* 2000.

_____

John J. Daniels
U.S. Citizen

STATE OF ~~NEW YORK~~ *Connecticut*      )
                                                                      *Haven* : ss.
COUNTY OF   NEW ~~YORK~~      )

On *December 13*, 2000, before me personally appeared John J. Daniels, known to me to be the person described and who signed the foregoing Assignment in my presence and acknowledged under oath before me that he has read the same and know the contents thereof and that he executed the same as his her free act and deed and for the purposes set forth therein.

_____

NOTARY PUBLIC
Residing at New York, New York
My Commission Expires:_____

SUSAN DeBARBER
*NOTARY PUBLIC*
MY COMMISSION EXPIRES JULY 31, 2005

1

PATENT APPLICATION

A S S I G N M E N T

WHEREAS, we, John J. Daniels, Bruce L. Adams, and Paul R. Hoffman, (hereinafter referred to as ASSIGNORS), having post office addresses of 325 Roosevelt Drive, Seymour, Connecticut 06483, 18 Holmhill Lane, Roseland, NJ 07068, 345 South End Avenue, Apartment 4M, NY, NY 10280, respectively, jointly own, by the Assignment document attached hereto as Exhibit A, said Assignment document assigning to us the US Provisional Patent Application Serial No. 60/114,668 which was converted into the present non-provisional application, the entire right, title, and interest in and to an invention entitled **"Methods and Apparatus for Multimedia Systems,"** as described and claimed in the specification forming part of an application for United States letters patent filed in the United States Patent and Trademark Office as Serial No. **09/477,629** on **January 4, 2000.**

WHEREAS, Microsoft Corporation (hereinafter referred to as ASSIGNEE), a corporation of the State of Washington having a place of business at One Microsoft Way, Redmond, WA 98052, is desirous of acquiring the entire right, title, and interest in and to the invention and in and to any letters patent that may be granted therefor in the United States and in any and all foreign countries;

NOW, THEREFORE, in exchange for good and valuable consideration, the receipt of which is hereby acknowledged, ASSIGNORS hereby sell, assign, and transfer unto said ASSIGNEE, the entire right, title, and interest in and to said invention, said application and any and all letters patent which may be granted for said invention in the United States of America and its territorial possessions and in any and all foreign countries, and in any and all divisions, reissues, and continuations thereof, including the right to file foreign applications directly in the name of ASSIGNEE and to claim priority rights deriving from said United States application to which said foreign applications are entitled by virtue of international convention, treaty, or otherwise, said invention, application, and all letters patent on said invention to be held and enjoyed by ASSIGNEE and its successors and assigns for their use and benefit and of their successors and assigns as fully and entirely as the same would have been held and enjoyed by ASSIGNORS had this assignment, transfer, and sale not been made. ASSIGNORS hereby authorize and request the Commissioner of Patents and Trademarks to issue all letters patent on said invention to ASSIGNEE. ASSIGNORS agree to execute all instruments and documents required for the making and prosecution of applications for United States and foreign letters patent on said invention, for litigation regarding said letters patent, or for the purpose of protecting title to said invention or letters patent therefore.

1

Dated this _13TH_ day of _December_, 2000.

_[signature]_
John J. Daniels
U.S. Citizen

STATE OF ~~NEW YORK~~ _Connecticut_ )
                                      _Haven_ : ss.
COUNTY OF NEW ~~YORK~~ )

On _December, 13_, 2000, before me personally appeared John J. Daniels, known to me to be the person described and who signed the foregoing Assignment in my presence and acknowledged under oath before me that he has read the same and know the contents thereof and that he executed the same as his free act and deed and for the purposes set forth therein.

_Susan DeBarber_
NOTARY PUBLIC
Residing at New York, New York
My Commission Expires:_____

SUSAN DeBARBER
NOTARY PUBLIC
MY COMMISSION EXPIRES JULY 31, 2005

_[signature]_
Bruce L. Adams
U.S. Citizen

STATE OF NEW YORK )
                    : ss.
COUNTY OF NEW YORK )

On _28th · DEC_, 2000, before me personally appeared Bruce L. Adams, known to me to be the person described and who signed the foregoing Assignment in my presence and acknowledged under oath before me that he has read the same and know the contents thereof and that he executed the same as his free act and deed and for the purposes set forth therein.

_[signature]_
NOTARY PUBLIC
Residing at New York, New York
My Commission Expires:_____

ANIL M. MUKHATIYAR
NOTARY PUBLIC, State of New York
No. 41-4985497
Qualified in Queens County
Commission Expires Aug. 19, 20 _01_

2

Paul R. Hoffman
U.S. Citizen

STATE OF NEW YORK    )
                     : ss.
COUNTY OF NEW YORK  )

On ___26th. DEc___, 2000, before me personally appeared Paul R. Hoffman, known to me to be the person described and who signed the foregoing Assignment in my presence and acknowledged under oath before me that he has read the same and know the contents thereof and that he executed the same as his free act and deed and for the purposes set forth therein.

_____
NOTARY PUBLIC
Residing at New York, New York
My Commission Expires:_____

ANIL M. MUKhATIYAR
NOTARY PUBLIC, State of New York
No. 41-4985497
Qualified in Queens County
Commission Expires Aug. 19, 20 __

3

PCT APPLICATION

# A S S I G N M E N T

WHEREAS, we, John J. Daniels, Bruce L. Adams, and Paul R. Hoffman, (hereinafter referred to as ASSIGNORS), having post office addresses of 325 Roosevelt Drive, Seymour, Connecticut 06483, 18 Holmhill Lane, Roseland, NJ 07068, 345 South End Avenue, Apartment 4M, NY, NY 10280, respectively, jointly own, by the Assignment document attached hereto as Exhibit A, the entire right, title, and interest in and to an invention entitled "**Time-Shifting Apparatus and Auto-Edit System,**" as described and claimed in the specification forming part of a PCT application as filed in the U.S. Receiving Office of the United States Patent and Trademark Office as PCT Application Serial No. **PCT/US97/18372** on **October 1, 1997.**

WHEREAS, Microsoft Corporation (hereinafter referred to as ASSIGNEE), a corporation of the State of Washington having a place of business at One Microsoft Way, Redmond, WA 98052, is desirous of acquiring the entire right, title, and interest in and to the invention and in and to any letters patent that may be granted therefor in the United States and in any and all foreign countries;

NOW, THEREFORE, in exchange for good and valuable consideration, the receipt of which is hereby acknowledged, ASSIGNORS hereby sell, assign, and transfer unto said ASSIGNEE, the entire right, title, and interest in and to said invention, said application and any and all letter patent which may be granted for said invention in the United States of America and its territorial possessions and in any and all foreign countries, and in any and all divisions, reissues, and continuations thereof, including the right to file foreign applications directly in the name of ASSIGNEE and to claim priority rights deriving from said United States application to which said foreign applications are entitled by virtue of international convention, treaty, or otherwise, said invention, application, and all letters patent on said invention to be held and enjoyed by ASSIGNEE and its successors and assigns for their use and benefit and of their successors and assigns as fully and entirely as the same would have been held and enjoyed by ASSIGNORS had this assignment, transfer, and sale not been made. ASSIGNORS hereby authorize and request the Commissioner of Patents and Trademarks to issue all letters patent on said invention to ASSIGNEE. ASSIGNORS agree to execute all instruments and documents required for the making and prosecution of applications for United States and foreign letters patent on said invention, for litigation regarding said letters patent, or for the purpose of protecting title to said invention or letters patent therefore.

1

Dated this _18th_ day of _December_, 2000.

_John J. Daniels_
John J. Daniels
U.S. Citizen

_Connecticut_
STATE OF ~~NEW YORK~~        )
_Haven_                      : ss.
COUNTY OF NEW ~~YORK~~       )

On _December 13_, 2000, before me personally appeared John J. Daniels, known to me to be the person described and who signed the foregoing Assignment in my presence and acknowledged under oath before me that he has read the same and know the contents thereof and that he executed the same as his free act and deed and for the purposes set forth therein.

_Susan DeBarber_
NOTARY PUBLIC
Residing at New York, New York
My Commission Expires:_____

SUSAN DeBARBER
NOTARY PUBLIC
MY COMMISSION EXPIRES JULY 31, 2005

_Bruce L. Adams_
Bruce L. Adams
U.S. Citizen

STATE OF NEW YORK        )
                         : ss.
COUNTY OF NEW YORK       )

On _25th . DEC_, 2000, before me personally appeared Bruce L. Adams, known to me to be the person described and who signed the foregoing Assignment in my presence and acknowledged under oath before me that he has read the same and know the contents thereof and that he executed the same as his free act and deed and for the purposes set forth therein.

_Anil M. Mukhatiyar_
NOTARY PUBLIC
Residing at New York, New York
My Commission Expires:_____

ANIL M. MUKHATIYAR
NOTARY PUBLIC, State of New York
No. 41-4965497
Qualified in Queens County
Commission Expires Aug. 19, 20 _01_

2

_____

Paul R. Hoffman
U.S. Citizen

STATE OF NEW YORK     )
                      : ss.
COUNTY OF NEW YORK  )

On _____26th. DEC._____, 2000, before me personally appeared Paul R. Hoffman, known to me to be the person described and who signed the foregoing Assignment in my presence and acknowledged under oath before me that he has read the same and know the contents thereof and that he executed the same as his free act and deed and for the purposes set forth therein.

_____

NOTARY PUBLIC
Residing at New York, New York
My Commission Expires:_____

ANIL M. MUKHATIYAR
NOTARY PUBLIC, State of New York
No. 41-4985497
Qualified in Queens County
Commission Expires Aug. 19, 20_01_

3

PATENT APPLICATION

A S S I G N M E N T

WHEREAS, I, John J. Daniels (hereinafter referred to as ASSIGNOR), having a post office address of 325 Roosevelt Drive, Seymour, Connecticut 06483, am the sole inventor of an invention entitled **"Methods and Apparatus for Multimedia Systems,"** as described and claimed in the specification forming part of an application for United States letters patent filed in the United States Patent and Trademark Office as Serial No. **09/477,629** on **January 4, 2000**.

WHEREAS, Microsoft Corporation (hereinafter referred to as ASSIGNEE), a corporation of the State of Washington having a place of business at One Microsoft Way, Redmond, WA 98052, is desirous of acquiring the entire right, title, and interest in and to the invention and in and to any letters patent that may be granted therefor in the United States and in any and all foreign countries;

NOW, THEREFORE, in exchange for good and valuable consideration, the receipt of which is hereby acknowledged, ASSIGNOR hereby sells, assigns, and transfers unto said ASSIGNEE, the entire right, title, and interest in and to said invention, said application and any and all letters patent which may be granted for said invention in the United States of America and its territorial possessions and in any and all foreign countries, and in any and all divisions, reissues, and continuations thereof, including the right to file foreign applications directly in the name of ASSIGNEE and to claim priority rights deriving from said United States application to which said foreign applications are entitled by virtue of international convention, treaty, or otherwise, said invention, application, and all letters patent on said invention to be held and enjoyed by ASSIGNEE and its successors and assigns for their use and benefit and of their successors and assigns as fully and entirely as the same would have been held and enjoyed by ASSIGNOR had this assignment, transfer, and sale not been made. ASSIGNOR hereby authorizes and requests the Commissioner of Patents and Trademarks to issue all letters patent on said invention to ASSIGNEE. ASSIGNOR agrees to execute all instruments and documents required for the making and prosecution of applications for United States and foreign letters patent on said invention, for litigation regarding said letters patent, or for the purpose of protecting title to said invention or letters patent therefore.

Dated this *13th* day of *December*, 2000.

_____
John J. Daniels
U.S. Citizen

STATE OF ~~NEW YORK~~ *Connecticut*          )
                                                         : ss.
COUNTY OF   NEW ~~YORK~~ *Haven*          )

On *December 13*, 2000, before me personally appeared John J. Daniels, known to me to be the person described and who signed the foregoing Assignment in my presence and acknowledged under oath before me that he has read the same and know the contents thereof and that he executed the same as his free act and deed and for the purposes set forth therein.

_____
NOTARY PUBLIC
Residing at New York, New York .
My Commission Expires:_____

SUSAN DeBARBER
*NOTARY PUBLIC*
MY COMMISSION EXPIRES JULY 31, 2005

1

## ATTACHMENT C

-- A method for pausing the display of a received signal containing a television program, comprising the steps of:

receiving the signal using a receiver connected to a television set;

recording the received signal using a recording apparatus connected to the television set, the recording apparatus having recording and playback capabilities for recording the signal and playing back the signal so that the television program may be viewed on the television set;

viewing the recorded television program on the television set as it is being recorded by the recording apparatus;

during the ongoing recording of the signal, delaying by a viewer-initiated time the playing back and viewing on the television set of a previously recorded portion of the television program while continuing to record the television program, so that viewing of the delayed portion of the television program and portions recorded subsequent thereto is delayed by the viewer-initiated time. --

For the purposes of this Agreement, a claim having substantially the same scope as the foregoing claim will be deemed by the parties hereto to satisfy the requirements of Section 3(B) of this Agreement. A claim will be considered to be of substantially the same scope as the foregoing claim only if a person would literally infringe such a claim whenever he literally infringes the foregoing claim. If issuance of a US patent containing the foregoing claim (or a claim having substantially the same scope) requires the acceptance by the US Patent & Trademark Office of an affidavit swearing behind a reference, the consideration set forth in Section 3(B) of this Agreement shall still be due and payable.


John J. Daniels                    1/16/01
                                   Date

Bruce L. Adams                     1/16/01
                                   Date

Paul R. Hoffman                    1/16/01
                                   Date