UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - -x
                                          :
INTELLIVISION, a Joint Venture,           :   Civil Action No. 07 CV 4079 (JGK)
                                          :   ECF Case
                         Plaintiff,       :
                                          :
        - against -                       :
                                          :
                                          :
MICROSOFT CORPORATION,                    :
                                          :
                         Defendant.       :
- - - - - - - - - - - - - - - - - - - - -x


## ANSWER OF DEFENDANT MICROSOFT CORPORATION

Defendant Microsoft Corporation ("Microsoft"), through its undersigned counsel, responds as follows to the Amended Complaint of plaintiff Intellivision, dated July 19, 2006:

1. Microsoft denies information sufficient to form a belief as to the truth of the allegations of Paragraph 1.

2. Microsoft denies information sufficient to form a belief as to the truth of the allegations of Paragraph 2.

3. Microsoft admits the allegations of Paragraph 3.

4. Microsoft admits the allegations of Paragraph 4.

5. The allegations of the first sentence of Paragraph 5 assert legal conclusions as to which no response is required. Microsoft denies the remaining allegations of Paragraph 5, except admits that it is registered as a foreign corporation in

the State of New York, that it maintains offices in the City of New York and that it conducts substantial business in this District.

6. Microsoft denies information sufficient to form a belief as to the truth of the allegations of Paragraph 6.

7. Microsoft denies information sufficient to form a belief as to the truth of the allegations of Paragraph 7.

8. Microsoft denies the allegations of Paragraph 8.

9. Microsoft denies information sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10. Microsoft denies the allegations of Paragraph 10 as to its own products and denies information sufficient to form a belief as to the truth of the allegations of Paragraph 10 as they relate to the products of third parties.

11. Microsoft denies allegations of Paragraph 11 and respectfully refers the Court to the referenced patent applications for a complete and accurate statement of their contents.

12. Microsoft denies allegations of Paragraph 12 and respectfully refers the court to the referenced patent applications for a complete and accurate statement of their contents.

13. Microsoft denies allegations of Paragraph 13 and respectfully refers the Court to the referenced United States patent for a complete and accurate statement of its contents.

14. Microsoft denies the allegations of Paragraph 14, except admits that it is a leading supplier of software products for personal computers and that those products include operating systems branded Microsoft Windows and suites of business productivity applications branded Microsoft Office.

15. Microsoft denies the allegations of Paragraph 15.

16. Microsoft admits the allegations of Paragraph 16, except denies that Intellivision had anything appropriately characterized as "core technology."

17. Microsoft admits the allegations of Paragraph 17, except denies that Intellivision had anything appropriately characterized as "core technology."

18. Microsoft admits the allegations of the first two sentences of Paragraph 18 and denies the allegations of the third sentence of Paragraph 18.

19. Microsoft denies the allegations of Paragraph 19, except admits that its interest in acquiring Intellivision's patent applications was in part motivated by "defensive" considerations relating to potential patent infringement claims asserted against Microsoft by third parties.

20. Microsoft admits the allegations of Paragraph 20.

21. Microsoft denies information sufficient to form a belief as to the truth of the allegations of Paragraph 21 regarding what Intellivision's principals said to one another, and admits the remaining allegations of Paragraph 21.

22. Microsoft denies the allegations of Paragraph 22, except admits that Ronald Zink, an internal lawyer at Microsoft, informed Intellivision representatives that Microsoft would not agree to a per-unit royalty for a variety of reasons, including,

but not limited to, the fact that none of Intellivision's patent applications had yet resulted in issued patents and the fact that Microsoft needed to know at the outset how much it would be paying to acquire Intellivision's technology.

23. Microsoft denies the allegations of Paragraph 23.

24. The allegations of Paragraph 24 assert legal conclusions as to which no response is required. To the extent that a response is required, Microsoft denies the allegations of Paragraph 24.

25. Microsoft denies information sufficient to form a belief as to the truth of the allegations of Paragraph 25, but avers that extensive information was publicly available prior in January 2001 concerning Microsoft's plans to develop products with some or all of the features listed in Paragraph 7 of the Amended Complaint.

26. Microsoft denies information sufficient to form a belief as to the truth of the allegations of Paragraph 26.

27. Microsoft denies the allegations of Paragraph 27, except admits that on or about January 16, 2001, Microsoft and Intellivision entered into a written agreement (the "Agreement"), a copy of which is annexed as Exhibit 1 to the Amended Complaint.

28. Microsoft denies the allegations of Paragraph 28 to the extent they purport to state legal conclusions about when a binding and enforceable contract came into existence between Microsoft and Intellivision. Microsoft admits that it sent Intellivision a draft contract and assignment forms in December 2000, that certain revisions were made to that draft contract by mutual agreement, and that Intellivision's

principals executed the assignment forms in December 2000 and executed the contract in January 2001.

29. Microsoft denies the allegations of Paragraph 29.

30. The allegations of Paragraph 30 assert legal conclusions as to which no response is required. Microsoft respectfully refers the Court to the Agreement for a complete and accurate statement of its contents.

31. Microsoft denies the allegations of Paragraph 31, except admits that Attachment C to the Agreement was executed by Intellivision's principals on January 16, 2001.

32. Microsoft denies the allegations of Paragraph 32, except admits that the Agreement was executed by an officer of Microsoft on January 19, 2001.

33. Microsoft denies information sufficient to form a belief as to the truth of the allegations of Paragraph 33 concerning what Intellivision's principals did. Microsoft denies the remaining allegations of Paragraph 33 to the extent they purport to state legal conclusions about when a binding and enforceable contract came into existence between Microsoft and Intellivision.

34. Microsoft denies the allegations of Paragraph 34, except admits that the Agreement was executed by an officer of Microsoft on January 19, 2001.

35. The allegations of Paragraph 35 assert legal conclusions as to which no response is required. Microsoft respectfully refers the Court to the Agreement for a complete and accurate statement of its contents.

36. The allegations of Paragraph 36 assert legal conclusions as to which no response is required. Microsoft respectfully refers the Court to the Agreement for a complete and accurate statement of its contents.

37. The allegations of Paragraph 37 assert legal conclusions as to which no response is required. Microsoft respectfully refers the Court to the Agreement for a complete and accurate statement of its contents.

38. Microsoft denies the allegations of the first sentence of paragraph 38. Microsoft denies information sufficient to form a belief as to the truth of the allegations of the second and third sentences of Paragraph 38.

39. Microsoft denies the allegations of Paragraph 39.

40. Microsoft denies the allegations of Paragraph 40.

41. Microsoft denies the allegations of Paragraph 41.

42. Microsoft denies the allegations of Paragraph 42.

43. Microsoft denies the allegations of Paragraph 43.

44. Microsoft admits that it made a payment of $1,000,000 to Intellivision in February 2001. Microsoft denies the remaining allegations of Paragraph 44 and respectfully refers the Court to the Agreement for a complete and accurate statement of its contents.

45. Microsoft denies the allegations of Paragraph 45.

46. Microsoft denies the allegations of Paragraph 46.

47. Microsoft denies the allegations of Paragraph 47.

48. Microsoft denies the allegations of Paragraph 48.

49. Microsoft denies the allegations of Paragraph 49.

50. Microsoft denies the allegations of Paragraph 50.

51. Microsoft denies the allegations of Paragraph 51.

52. The allegations of Paragraph 52 assert legal conclusions as to which no response is required. To the extent a response is required, Microsoft denies the allegations of Paragraph 52 and respectfully refers the Court to the Agreement for a complete and accurate statement of its contents.

53. Microsoft denies the allegations of Paragraph 53.

54. Microsoft denies the allegations of the first sentence of Paragraph 54. Microsoft denies information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 54.

55. Microsoft denies the allegations of Paragraph 55.

56. Microsoft incorporates by reference its answers to Paragraphs 1 through 55 as if fully set forth herein.

57. Microsoft denies the allegations of Paragraph 57.

58. Microsoft denies the allegations of Paragraph 58.

59. Microsoft denies the allegations of Paragraph 59.

60. Microsoft denies the allegations of Paragraph 60.

61. Microsoft denies the allegations of Paragraph 61.

62. Microsoft denies the allegations of Paragraph 62, except denies information sufficient to form a belief as to the truth of the allegations concerning

purported discussions between Intellivision and General Instruments, Replay TV, Tivo and Gemstar.

63. Microsoft incorporates by reference its answers to Paragraphs 1 through 62 as if fully set forth herein.

64. Microsoft denies the allegations of Paragraph 64.

65. It is not necessary to respond to the allegations of Paragraph 65 in light of the Court's order of August 20, 2008, which dismissed the claim to which these allegations relate.

66. It is not necessary to respond to the allegations of Paragraph 66 in light of the Court's order of August 20, 2008, which dismissed the claim to which these allegations relate.

67. It is not necessary to respond to the allegations of Paragraph 67 in light of the Court's order of August 20, 2008, which dismissed the claim to which these allegations relate.

68. It is not necessary to respond to the allegations of Paragraph 68 in light of the Court's order of August 20, 2008, which dismissed the claim to which these allegations relate.

69. It is not necessary to respond to the allegations of Paragraph 69 in light of the Court's order of August 20, 2008, which dismissed the claim to which these allegations relate.

70. It is not necessary to respond to the allegations of Paragraph 70 in light of the Court's order of August 20, 2008, which dismissed the claim to which these allegations relate.

71. Microsoft incorporates by reference its answers to Paragraphs 1 through 70 as if fully set forth herein.

72. Microsoft denies the allegations of Paragraph 72.

73. Microsoft denies the allegations of Paragraph 73.

74. Microsoft denies the allegations of Paragraph 74.

75. Microsoft denies the allegations of Paragraph 75.

76. Microsoft denies that Intellivision is entitled to any of the relief sought in its "prayer for relief."

## DEFENSES

Microsoft asserts the following defenses and reserves the right to assert additional defenses when and if they become appropriate:

### First Defense

The Amended Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Intellivision's claims are barred, in whole or in part, by the statute of limitations.

### Third Defense

Intellivision's claims are barred, in whole or in part, by the doctrine of laches.

### Fourth Defense

Intellivision's claims are barred, in whole or in part, by the doctrine of estoppel.

### Fifth Defense

Intellivision's claims are barred, in whole or in part, by the doctrine of waiver.

### Sixth Defense

Intellivision's claims are barred, in whole or in part, because it has not suffered any injury in fact.

### Seventh Defense

Intellivision's claims are barred, in whole or in part, by its failure to mitigate damages.

### Eighth Defense

Intellivision's claims are barred, in whole or in part, by the doctrine of contributory negligence.

### Ninth Defense

Intellivision's claims are barred, in whole or in part, by the doctrine of failure of consideration.

**Tenth Defense**

Intellivision's claims are barred, in whole or in part, by the doctrine of release.

**Eleventh Defense**

Intellivision's claims are barred, in whole or in part, by the doctrine of payment.

WHEREFORE, defendant Microsoft Corporation respectfully demands judgment dismissing this action with prejudice, together with an award for its costs and disbursements and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 8, 2008

                                                   s/
Steven L. Holley (SH2485)
Michael P. Geiser (MG1123)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Defendant
Microsoft Corporation*